MEMORANDUM *
Xiao Yu Xie, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review only the asylum determination[1] for substantial evidence, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), treating Xie’s testimony as credible, Kalu-bi v. Ashcroft, 364 F.3d 1134, 1138-39 (9th Cir.2004). We grant the petition for review.
The BIA concluded that Xie did not establish a well-founded fear of persecution because the government had demonstrated that it was reasonable for him to relocate within China. Substantial evidence does not support the BIA’s conclusion. Xie left Fujian Province with his mother and father, who sought to escape the government’s enforcement of population control policies. They took up residence in the distant province of Sichuan. Learning of Xie’s early marriage and his own growing family, Fujian officials traveled to Sichuan to look for Xie and his wife, forcing them to move to avoid detection and causing Xie to flee China shortly thereafter. These undisputed facts establish persecution by the government on account of Xie’s political opinion under 8 U.S.C. § 1101(a)(42)(B) (“[A] person who ... has been persecuted for failure or refusal to undergo [a population control] procedure ... shall be deemed to have been persecuted on account of political opinion.... ”). This past persecution gave rise to a presumption that Xie had a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). Because a unit of the Chinese government persecuted Xie, relocation within China was presumed not to be reasonable, and the government bore the burden of rebutting that presumption by a preponderance of the evidence. Id. § 1208.13(b)(3)(ii). Because Fujian officials amply demonstrated their willingness to search in a distant province for Xie as a violator of Fujian population control policy, no reasonable fact finder could conclude that the government carried its burden. See Boer-Sedano v. Gonzales, 418 F.3d 1082, 1090-91 (9th Cir.2005) (holding that internal relocation was not reasonable where credible testimony and the country report indicated that petitioner’s health and status as a homosexual would prevent safe relocation within Mexico). Xie accordingly has shown that he is statutorily eligible for asylum.
Therefore, we grant the petition for review and remand for a discretionary determination whether to grant Xie asylum. See Navas v. INS, 217 F.3d 646, 655 (9th Cir .2000).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We do not review the withholding of removal decision because, although Xie mentions withholding at the end of his brief, he does not state it as an issue on appeal and does not argue it in his brief. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1992).